HOROWITZ v. HINES et al.

(Supreme Court, Appellate Term.    April 24, 1905.)

SALES—ACTION FOR PRICE—AGENTS—AUTHORITY—EVIDENCE.

In an action for the price of certain diamonds sold by plaintiff to defendant's agent for defendant's account, evidence held insufficient to show that such purchase was without authority.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Jacob Horowitz against Christian Hines and another. From a Municipal Court judgment in favor of defendants on a counterclaim, plaintiff appeals.    Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREEN·BAUM, JJ.

I. B. Ripin, for appellant.

Myers & Goldsmith, for respondents.

GREENBAUM, J.    The defendant Hines having died after service of the summons and complaint, the action was continued against the defendant Strobel as surviving partner.    The action was brought to recover the purchase price of diamonds alleged to have been sold and delivered by plaintiff to defendant's firm.    The latter were manufacturers of watch cases, who from time to time had sold to or manufactured for plaintiff watch cases.    It appears that the defendant Strobel, surviving partner of the firm, attended to the factory, and that the other partner had charge of the books of the firm and the office.    There was also one Haege connected with the business, whose duties seem to have been to solicit custom, to attend to the outside business of the concern, and occasionally to make out bills.    There seems to be no question between the parties but that the defendants had delivered watch cases to plaintiff between February 6, 1904, and May 24, 1904, to the amount of $294.06, and that plaintiff had delivered from March to July, 1904, to said Haege, diamonds aggregating in value the sum of $571.41.    The plaintiff contends that these diamond goods were delivered to Haege for the defendant's firm, and as its agent, and seeks to recover the price of these goods, less the amount of plaintiff's purchases of $294.06, and of a certain check for $110, dated July 18, 1904, made by defendants to the order of plaintiff, to wit, the net sum of $167.35.    Defendant denies the authority of Haege to purchase diamonds of plaintiff for defendant's firm.    The learned trial justice appears to have been favorably impressed with the testimony

of the defendant Strobel, and, if the case merely turned upon a question of veracity between him and the witness called in behalf of plaintiff, this court would not be disposed to disturb the finding of the trial justice. A study of the testimony, however, reveals that Strobel knew very little, if anything, as to the actual facts involved. His time was almost exclusively devoted to the shop, and, in the absence of satisfactory explanations, the documentary proofs disclose a most peculiar condition of affairs. The plaintiff introduced in evidence a statement of Hines & Strobel, dated October 5, 1903, showing debits for watch cases delivered to plaintiff of $570.10, and credits for cash $100, a balance due H. (presumably Horowitz) July 1st, $69.34, and for "brilliants," September 17th, $223. Another statement is marked in evidence, dated December 30, 1903, which shows debits aggregating $913.43 for goods delivered during October, November, and December, 1903, and credits of cash aggregating $500, and for one D. (presumably diamond) of $50. It is true that these statements are in the handwriting of Haege, and it is within the range of possibility that Haege, having access to the billheads of defendant's firm, might have prepared them without the knowledge of the latter—a conclusion to which the learned trial justice seems to have come, as expressed in his written opinion. The significant fact, however, is overlooked that, if the credits for diamonds in the 1903 bills were not known to defendant's firm, why is no claim now made for the balance that would, as the proofs now stand, be concededly due the defendant on these bills? It may well be that the deceased partner, Hines, knew all about the alleged diamond purchases, and that the books of Hines & Strobel reveal the true state of affairs. These books were not brought into court, and, although they would be inadmissible under plaintiff's objections, yet it appears that plaintiff inquired concerning them, and, if he desires an examination of them at the trial, it may be that the interests of justice will be subserved by affording him an opportunity to examine them. Another very significant circumstance is that defendant's firm should have given plaintiff a check for $110 on July 14, 1904, when, according to defendant's claim, there was then $294.06 due his firm from plaintiff. Not the slightest explanation for this extraordinary situation is ventured. The defendant conceded that his firm had purchased, to his knowledge, watch movements of the plaintiff, and, as it appears that all these transactions were conducted through Haege, an inference may well be drawn that Haege not only was the selling, but also the purchasing, agent of defendant's firm. It is also a singular feature of the trial that no explanation was given as to the defendant's failure to call Haege as a witness. So far as the record shows, he was in Brooklyn at the time of the trial, and could have been produced. It was not shown that he was a defaulter, or hostile to defendant. It seems to me that the preponderance of evidence was so largely in favor of plaintiff that the interests of justice require a reversal of the judgment.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.